STATE of Missouri, Respondent,

v.

Seibert Ray MEDLEY, Appellant.

No. 51335.

Supreme Court of Missouri,
Division No. 2.

Feb. 14, 1966.

Motion for Rehearing and Transfer to Court
En Banc Denied March 14, 1966.

Norman H. Anderson, Atty. Gen., Howard L. McFadden, Asst. Atty. Gen. Jefferson City, for respondent.

Morris M. Hatchett, St. Louis, for appellant.

STOCKARD, Commissioner.

Upon trial by jury for the offense of robbery in the first degree by means of a dangerous and deadly weapon defendant was found guilty, and as an habitual offender (the evidence established and the

trial court found five previous convictions of a felony) his punishment was assessed by the trial judge at life imprisonment. He has appealed from the ensuing judgment, but has filed no brief in this court. We review the assignments of error in the motion for new trial in accordance with Supreme Court Rule 27.20, V.A.M.R.

A jury reasonably could find from the evidence that on June 3, 1964, defendant entered a Kroger Company store at 3908 South Grand Avenue, St. Louis, Missouri, and pointed a pistol at Nick Kuehn, the store manager, and after making threats of immediate violence to the person of Nick Kuehn he took approximately $1,500 in cash (the amended information alleged $200) belonging to the Kroger Company which was in the custody of Nick Kuehn.

The first two assignments of error in the motion for new trial, in their entirety, are as follows: "1. That the verdict was against the evidence," and "2. That the verdict was against the weight of the evidence." These assignments do not preserve anything for appellate review. State v. Adams, Mo., 380 S.W.2d 362.

The third assignment of error is that the trial court erred "in overruling the defendant's motion to suppress evidence which was obtained by a search of defendant's garage * * * [because] such search was without authority and [was] illegal as contended by the defendant." This assignment does not "set forth in detail and with particularity * * * the specific grounds or causes" for the alleged errors. The fact that evidence was obtained by "a search of defendant's garage" does not of itself demonstrate error, and the statements that the search was "without authority" and was "illegal" are mere conclusions which do not prove themselves and which present nothing for appellate review. State v. Lord, Mo., 286 S.W.2d 737, 740. In addition, in in the assignment of error defendant does not identify the evidence which he contends was obtained by a search of his garage. An

appellate court is not to become the advocate of the defendant, and it should not, in the circumstances of this case, be expected to search the record in an effort to discover some reason why it can be held that an improper search occurred. We would be justified in overruling the assignment of error, and probably should do so, without further comment. However, as we did in State v. Hepperman, 349 Mo. 681, 162 S.W. 2d 878, 879, we shall indicate why there was no error in overruling the motion to suppress and in admitting the evidence.

The legality of a seizure of property is to be determined by a motion to suppress the evidence, State v. Lord, supra, and "the burden is on the defendant to offer evidence and affirmatively demonstrate the illegality of the search and seizure. The motion does not prove itself." State v. Hepperman, supra, 162 S.W.2d at p. 887. The evidence on the motion to suppress is contained in the transcript, and the following facts were developed. A few days before the robbery a Mr. Molz had "rented" the east portion of a three-car garage to the defendant. The terms of this rental agreement were not shown. On the evening of the robbery the police were notified that an automobile was in the east portion of the garage which met the description of the automobile used by defendant in leaving the scene of the robbery. Two police officers went to the garage, and Mr. Molz unlocked the door of the garage and admitted them. They did not then touch or open the automobile but they saw "the butt of a revolver under the front seat" and saw in the automobile some clothing of the color worn by defendant during the robbery. The officers at the time had an arrest order for defendant and were looking for him. With the permission of Mr. Molz the two officers waited in the garage, and when defendant subsequently entered and started to open the automobile he was arrested and the automobile was then searched.

In his argument to the trial court on the motion to suppress, counsel indicated

that he did not contend that an unlawful search of the automobile occurred, apparently because the automobile admittedly did not belong to defendant. See State v. Worley, Mo., 383 S.W.2d 529, 534. (In fact the automobile had been stolen that morning.) The assignment of error in the motion for new trial is limited to the contention that there occurred "a search of defendant's garage." However, the fact, standing alone, that defendant had "rented" from Mr. Molz the east portion of the garage did not necessarily mean that Mr. Molz, the owner, did not have the right to enter the garage. Defendant's evidence showed that he had a key, that he unlocked the door, and that he gave the officers permission to enter. We cannot assume that Mr. Molz acted wrongfully. The burden of showing an illegal search was on defendant, and he failed to meet that burden. We also note that no property was seized until later when a lawful arrest was made of defendant and the automobile was searched as an incident of that arrest. The trial court correctly overruled the motion to suppress evidence. In addition, as pointed out in State v. Hepperman, supra, "After the motion [to suppress] is overruled the defendant keeps the question alive by timely objection * * *." The items obtained from the automobile and mentioned in the motion to suppress, which were subsequently offered and admitted into evidence, consisted of a pistol, a straw hat, a "sweater jacket," and a pair of trousers. When these items were offered and admitted in evidence, defendant entered no objection whatever on the basis that they were obtained by an unlawful search and seizure. This also disposes of defendant's fourth assignment of error which is that "the court erred in admitting into evidence the fruits of such search."

The remaining two assignments of error, in their entirety, are as follows: "5. That the closing argument of the Circuit Attorney was inflammatory and a commentary of the defendant's failure to testify," and "6. That the cumulative effect of the errors cited denied the defendant a fair and impartial trial." These general assertions preserve nothing for appellate review. See State v. Farris, Mo., 243 S.W.2d 983; State v. Wilson, Mo., 248 S.W.2d 857; State v. Murray, Mo., 280 S.W.2d 809; State v. Mathews, Mo., 328 S.W.2d 642; State v. Doepke, Mo., 361 S.W.2d 689.

The record discloses that defendant was present throughout the trial with his counsel. We have examined those parts of the record designated by Supreme Court Rules 28.02 and 28.08, V.A.M.R., and find them to be proper and free from error.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.